**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Three Doves Enterprises, Inc.**
**d/b/a Fiorelli Winery & Vineyard,**

**Plaintiff,**

**vs.** **Case No: 8:26-cv-02991**

**Fierro Winery, LLC, a Florida**
**Limited Liability Company, and**
**Jonathan Fierro, an Individual.**

**Defendants.**
**_____________________________/**

**COMPLAINT AND JURY DEMAND**

Plaintiff, Three Doves Enterprises, Inc. d/b/a Fiorelli Winery & Vineyard ("Fiorelli" or "Plaintiff"), complains of Defendants, Fierro Winery, LLC ("Fierro Winery") and Jonathan Fierro ("Fierro") (collectively, "Defendants"), and for its Complaint alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for federal unfair competition and false designation arising under the Lanham Act, 15 U.S.C. § 1125, and common law trademark infringement and unfair competition under Florida law.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 in that this action presents a federal question. Jurisdiction is also proper pursuant to 28 U.S.C. §

1338(a) as this action arises under an Act of Congress relating to trademarks. Jurisdiction is also proper pursuant to 28 U.S.C. § 1338(b) in that the unfair competition claims are joined with substantial and related claims under the trademark laws.

3. This Court has supplemental jurisdiction over the subject matter of Fiorelli's state law claims pursuant to 28 U.S.C. § 1367(a), in that the claims are so related to Fiorelli's federal claims that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are resident of Florida and Defendants resides in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c).

5. This Court has personal jurisdiction over Defendants in that each Defendant does business in Florida by: (1) selling wine and winery services within this State, District, and Division; (2) advertising services within this State, District, and Division; (3) soliciting business and orders within this State, District, and Division; (4) deriving revenue from the sale of their services within this State, District, and Division without the consent or license from Fiorelli; and (5) committing acts of trademark infringement and unfair competition within this State, District, and Division.

6. All Defendants have committed acts within this State, District, and Division which have resulted in damage to Fiorelli. All Defendants have

committed acts in this District in violation of Fiorelli's exclusive rights under at least 15 U.S.C. § 1125, thereby giving this Court personal jurisdiction over each named Defendant.

## THE PLAINTIFF

7. Fiorelli is a Florida limited liability company, having its principal place of business in Bradenton, Florida.

## THE DEFENDANTS

8. Defendant Fierro Winery a limited liability company organized and existing under the laws of Florida, having its principal address at 7301 36th Ave. E., Palmetto, Florida 34221. Fierro Winery owns and operates its winery at 7301 36th Ave. E., Palmetto, Florida 34221.

9. Defendant Fierro is an individual. On information and belief, Fierro is an owner and operator of Fierro Winery. On information and belief, Fierro controls and directs Fierro Winery's business activities within this State, District, and Division. On information and belief, Fierro is the Chief Executive Officer of Fierro Winery. Fierro has the power to control, supervise, and direct the activities of Fierro Winery. As the owner and operator of Fierro Winery, Fierro directly benefits financially from the infringing activities of Fierro Winery.

## BACKGROUND FACTS

10. Fiorelli is a family-owned and operated business established in or around 1998. Fiorelli was started by Antonio and Rosa Fiorelli who originated

from Casteldaccia, Sicily, and started the business after cultivating almost 10 acres of land with grape vines and fruit bearing trees. Today, Fiorelli is owned by John and Kristin Hokanson who seek to carry on the legacy that Antonio and Rosa Fiorelli started in 1998. Presently, Fiorelli's boasts an assortment of fruit bearing trees along with 7.5 acres of beautiful vineyard that is open to the public.

11. Since 1998, Fiorelli has invested considerable resources in developing winery, and invests in the best equipment to cultivate its vineyard and wines. Today, Fiorelli offers 11 different varieties of wine all branded under the name "Fiorelli". Fiorelli also offers a tasting room where customers can engage in a 45-minute guide wine tasting where they can handpick up to 6 wines from Fiorelli's semi-dry and semi-sweet selections to curate their very own personalized tasting selection. As customers enjoy each pour, Fiorelli's knowledgeable guide shares the story behind Fiorelli's vines, the craft of its winemaking, and the rich history that makes Fiorelli so special. Fiorelli also hosts various events and offers venue rental services to customers who wish to host weddings or other special events onsite.

12. Recently, Fiorelli learned that Defendants have opened a winery in Palmetto, Florida, the same county in which Fiorelli is currently operating out of. In particular, Fierro Winery in Palmetto, Florida, is less than 25 miles from Fiorelli's winery in Bradenton, Florida. Defendants' winery utilizes and displays a highly similar and distinctive to Fiorelli's FIORELLI WINERY & VINEYARD

word mark, design mark, and design mark (hereinafter collectively referred to as the "Fiorelli Marks"). Upon information and belief, Defendants have plans to continue offering their wine and winery services to customers in Manatee County and throughout Florida.

13. On February 3, 2026, Fiorelli, through counsel, demanded that Defendants cease and desist. Fiorelli explained the strength of the Fiorelli brand, its usage of the term "Fiorelli" in the Fiorelli Marks, and how Fiorelli needed to protect its brand and guard against consumers confusing Fierro with the Fiorelli brand. Fiorelli understands revising branding may take some time and offered to work with Defendants on a reasonable phase-out period. Fierro did not respond.

14. On April 20, 2026, Fiorelli sent Fierro a follow-up to its demand letter after receiving no response from Fierro. To date, no response from Fierro has been received.

15. Examples of the current and on-going infringement, taken from Defendants' website and social media accounts, are attached hereto as **Exhibit A**. An exemplary side-by-side comparison of Defendants' confusingly similar FIERRO WINERY mark to Fiorelli Marks is shown below:

| **The Fiorelli Marks:** | **Defendants' Accused Mark** |
|---|---|
| FIORELLI WINERY & VINEYARD | FIERRO WINERY |

16. Defendants continue to advertise, promote, and market its winery with its Fierro Winery mark on the website https://fierrowinery.com/as shown below:




## PLAINTIFF'S RIGHTS

17. Fiorelli has three (3) Florida trademark registrations for the Fiorelli Marks (the "Florida Trademark Registrations"):

| **Fiorelli's Mark** | **Goods and/or Services** |
| --- | --- |
| FIORELLI WINERY & VINEYARD<br>Florida Trademark Registration No. T26000001082 | Wine; winery services, wedding and event venue; wine production; grape farming |
| FIORELLI WINERY & VINEYARD GRAPES DESIGN MARK<br>Florida Trademark Registration No. T26000001083 | Wine; winery services, wedding and event venue; wine production; grape farming |
| FIORELLI WINERY & VINEYARD TREE DESIGN MARK<br>Florida Trademark Registration No. T26000001085 | Wine; winery services, wedding and event venue; wine production; grape farming |

18. The Fiorelli Marks, and the goodwill they symbolize, are vitally important to Fiorelli's respected reputation and growth.

## STRENGTH OF THE FIORELLI BRAND

19. Fiorelli continuously, extensively, and prominently promotes itself and advertises its business using the Fiorelli Marks. This marketing includes

website marketing, social media marketing, sponsorships, public outreach events, and through other means.

20. Through Fiorelli's efforts, the relevant consuming public has come to identify the Fiorelli Marks with the Fiorelli brand and its wine and winery services.

21. Fiorelli prominently features the Fiorelli Marks in connection with advertising and use of its Fiorelli brand, as shown in the below screenshots from Fiorelli's website:






## DAMAGES

22. Defendants' unauthorized use of Fiorelli's trademarks has damaged and will continue to damage Fiorelli.

23. Defendants' activities have also allowed them to compete unfairly against Fiorelli.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1125(a) (all Defendants)

24. Fiorelli repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 23 above.

25. Defendants used and continued to use the Fiorelli Marks or confusingly similar formatives thereof to advertise and sell goods and services in commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Fiorelli as to the

origin, sponsorship, or approval by Fiorelli of Defendants' infringing goods, services, or commercial activities.

26. The operation of Defendants' winery using the term "FIERRO" is likely to cause confusion, or to cause mistake, or to deceive those present into believing, falsely, that Fiorelli is connected with Defendants, or otherwise sponsored or approved Defendants' establishment.

27. Unless enjoined by the Court, Defendants' unfair competition activities as described above will continue unabated and will continue to cause harm to Fiorelli.

**SECOND CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION (all Defendants)**

28. Fiorelli repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 23 above.

29. Defendants used and knowingly directly benefited from the use of Fiorelli's brand in connection with wine and winery services.

30. Fiorelli did not license Defendants the right to use its Fiorelli brand in connection with the services provided at its commercial establishments.

31. Use of the Fiorelli brand in the manner attributable to Defendants is likely to cause confusion, or to cause mistake, or to deceive customers at the establishment into believing that Defendants' wine and winery services are being provided with the authorization of Fiorelli.

32. Defendants' acts are willful and knowing.

33. Fiorelli has been damaged by the infringing activities of Defendants.

34. Unless enjoined by the Court, Defendants' infringing activities as described above will continue unabated and will continue to cause harm to Fiorelli.

**<u>THIRD CLAIM FOR RELIEF</u>**
**FLORIDA TRADEMARK INFRINGEMENT (Fla. Stat. § 495.001 et seq) (all Defendants)**

35. Fiorelli repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 23 above.

36. Fiorelli owns the Florida Trademark Registrations and trademark rights associated therewith.

37. Defendants used and continued to use the Fiorelli Marks or confusingly similar formatives thereof to advertise and sell goods and services in commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Fiorelli as to the origin, sponsorship, or approval by Fiorelli of Defendants' infringing goods, services, or commercial activities.

38. The operation of Defendants' winery using the term "FIERRO" is likely to cause confusion, or to cause mistake, or to deceive those present into believing, falsely, that Fiorelli is connected with Defendants, or otherwise sponsored or approved Defendants' establishment.

39. Unless enjoined by the Court, Defendants' unfair competition activities as described above will continue unabated and will continue to cause harm to Fiorelli.

40. Defendants' actions have violated Fla. Stat. § 495.131 and have damaged Fiorelli and continue to damage Fiorelli.

**FOURTH CLAIM FOR RELIEF**
**FLORIDA TRADEMARK INFRINGEMENT (common law) (all Defendants)**

41. Fiorelli repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 23 above.

42. Defendants used and continued to use the Fiorelli Marks or confusingly similar formatives thereof to advertise and sell goods and services in commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Fiorelli as to the origin, sponsorship, or approval by Fiorelli of Defendants' infringing goods, services, or commercial activities.

43. The operation of Defendants' winery using the term "FIERRO" is likely to cause confusion, or to cause mistake, or to deceive those present into believing, falsely, that Fiorelli is connected with Defendants, or otherwise sponsored or approved Defendants' establishment.

44. Unless enjoined by the Court, Defendants' unfair competition activities as described above will continue unabated and will continue to cause harm to Fiorelli.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Fiorelli, prays for judgment against the Defendants, and that the Court:

A. Find that Defendants engaged in conduct detrimental to Fiorelli in violation of 15 U.S.C. § 1125(a);

B. Find that Defendants committed acts of trademark infringement of the Fiorelli Marks;

C. Enter judgment against Defendants and in favor of Fiorelli on all applicable counts;

D. Find that Defendants' activities were in all respects conducted willfully and for profit;

E. Award to Fiorelli each of Defendants' profits and the damages sustained by Fiorelli because of each Defendants' infringing conduct;

F. Award to Fiorelli each Defendants' profits and the damages sustained by Fiorelli because of Defendants' acts under 15 U.S.C. § 1125(a);

G. Award to Fiorelli all damages available under the Lanham Act, 15 U.S.C. § 1117, including treble, otherwise enhanced damages as available for each Defendants' acts of willful infringement;

H. A determination that this case is exceptional and award to Fiorelli its reasonable attorney fees pursuant to 15 U.S.C. § 1117;

I. Award to Fiorelli all damages available to it under the Florida Trademark Act, Fla. Stat. § 495.0001, *et seq*, including Fiorelli's reasonable attorneys' fees;

J. Grant Fiorelli preliminary and permanent injunctive relief against further infringement by Defendants; and

K. Grant Fiorelli such other and further relief as justice may require.

**JURY DEMAND**

Fiorelli demands trial by jury on all issues so triable.

Date: September 29, 2026

Respectfully submitted.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
Florida Bar No.: 26802
Lead Counsel
Brian J. Paul
Florida Bar No. 1018684
**SHUTTS & BOWEN, LLP**
4301 W. Boy Scout Boulevard
Suite 300
Tampa, Florida 33607
wpollack@shutts.com
bpaul@shutts.com
Telephone: (813) 463-4895

Facsimile: (813) 229-8901

***Attorneys for Plaintiff***